JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, CA 94102
    Telephone: 415.436.6857
    Facsimile:  415.436.7234
    Email: patricia.kenney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $57,378 IN UNITED STATES CURRENCY,<br><br>            Defendant.<br><br>KAP S. SIMS,<br><br>            Claimant. | No. 08-5023 MMC<br><br>STIPULATION AND ORDER STAYING THE INSTANT CASE PENDING RESOLUTION OF THE CRIMINAL CASE |

The parties agree, subject to the Court's approval, that the instant case be stayed pursuant to 18 U.S.C. § 981(g), pending resolution of *United States v. Sims,* No. 08-CR-0443 MMC. *See* Notice of Related Cases, filed February 11, 2009. Although the Honorable William S. Alsup had scheduled a case management conference for March 5, 2009 at 3:00 p.m., this Court's related case order took that CMC of calendar. *See* Related Case Order, entered February 18, 2009. The parties agree, subject to the Court's approval, that should the Court enter a stay of this civil forfeiture case that there is no need to reschedule a CMC until the criminal case is resolved.

1   Section 981(g) authorizes the Court to stay an action if it determines that civil discovery

2   would adversely affect the ability of the Government to conduct a prosecution of a related

3   criminal case. It also authorizes a claimant who is a defendant in a related criminal action to

4   request a stay of the civil forfeiture action if it would "burden the right of the claimant against

5   self-incrimination in the related investigation or case." 21 U.S.C. § 981(g)(1), (2).

6   Based on the following, the parties agree that both prongs of Section 981(b) are satisfied

7   and a stay is warranted. On July 8, 2008, the grand jury indicted Earl Harrell, Sims, II (SIMS)

8   for events occurring to and including June 19, 2008 when SIMS arrived at San Francisco

9   International Airport with $57,378 in United States Currency. Subsequently, on November 4,

10  2008, the United States filed a civil action against the same $57,378.

11  Both cases arise out of the same events and transactions. More specifically, the grand

12  jury charged SIMS – based on events occurring up to and including June 19, 2008 when SIMS

13  flew into San Francisco International Airport carrying $57,378 in United States currency – with

14  violations of 21 U.S.C. § 846 (conspiracy to commit narcotics offense); 18 U.S.C. § 1028(a)(3)

15  (unlawful possession of false identification documents); 18 U.S.C. § 1028A(a)(1) (aggravated

16  identity theft) for events which occurred on . In addition, the grand jury included forfeiture

17  allegations in the indictment which gives SIMS notice that the United States intended to request

18  forfeiture of the $57,378 as part of his sentence. As to the civil case, on November 4, 2008, the

19  United States filed a civil forfeiture action against the same $57,378. As stated, the United States

20  filed a civil forfeiture action against the civil defendant $57,378 – seized from SIMS at the San

21  Francisco International Airport – based on the totality of the circumstances set forth in the civil

22  Complaint for Forfeiture which allegations make the $57,378 subject to forfeiture under

23  21 U.S.C. § 881(a)(6). The United States submits that basis for the stay is apparent based on the

24  face of the Indictment in the criminal case and the face of the civil Complaint for Forfeiture, and

25  thus no *in camera* declarations are necessary. 21 U.S.C. § 981(g)(5).

26  ///

27  ///

28

1       Accordingly, the parties request the Court to stay the instant case and, following the

2  resolution of the criminal case, to re-schedule a case mangement conference, if necessary.

3

4  IT IS SO STIPULATED:          JOSEPH P. RUSSONIELLO
                            United States Attorney

5

6  Dated: February 18, 2009

7                          PATRICIA J. KENNEY
                          Assistant United States Attorney
                          Attorney for the United States

8

9                          LAW OFFICES OF ALEX KESSEL

10

11  Dated: February 30, 2009

12                         ALEX KESSEL
                         Attorney for Claimant Kap S. Sims

13

14

15       UPON CONSIDERATION OF THE FOREGOING STIPULATION, IT IS BY THE

16  COURT ON THIS ___24th___ DAY OF ___February___, 2009:

17       ORDERED THAT THE INSTANT CASE BE, AND HEREBY IS, STAYED UNTIL

18  FURTHER ORDER OF THE COURT.

19

20

21                         HONORABLE MAXINE M. CHESNEY
                        United States District Judge

22

23

24

25

26

27

28

Stip & Order Staying Case
No. 08-5023 MMC             3