UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff(s),<br><br>     v.<br><br>APPROXIMATELY $57,378 IN<br>UNITED STATES CURRENCY,<br><br>            Defendant(s). | No. C08-5023 MMC (BZ)<br><br>**ORDER DENYING CLAIMANT'S MOTION FOR PROTECTIVE ORDER AND GRANTING GOVERNMENT'S MOTION TO COMPEL** |

   Claimant Kap Suk Sims' son was arrested in the Northern District of California with $57,378.  In a plea agreement with the Government, he admitted that he intended to use the $57,378 to purchase marijuana and agreed to forfeit the money.  Sims, who resides and works in the Northern District of Georgia, filed a claim of ownership in this Court to her son's forfeited money.[1]  As part of this civil proceeding, the Government noticed Sims' deposition to take place in San Francisco, California.  Sims seeks a protective order so that

---

[1] In a third-party claim of ownership proceeding, the burden is on Sims to establish by a preponderance of the evidence that she has a legitimate ownership interest in the $57,378.  21 U.S.C. § 853(n)(6).

1

she could either be deposed by telephone, by video conference, or in Atlanta, Georgia.  Docket No. 34.  The Government opposes these requests and has moved to compel Sims' appearance in San Francisco.  Docket No. 38.  For the reasons explained below, I order Sims to travel to San Francisco for her deposition.

Subject to a protective order, party depositions may be noticed wherever the deposing party designates.  U.S. v. $160,066.98, 202 F.R.D. 624, 627 (S.D. Cal. 2001).  Usually, a party's deposition is taken in the district the deponent works or resides.  Id. at 626 (citations omitted).  I may grant a protective order if there is good cause to limit discovery and protect a deponent from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The issue is therefore whether it is unduly burdensome or expensive for her to travel to San Francisco.  See U.S. v. $160,066.98, 202 F.R.D. at 626.  In evaluating this, I am free to consider the convenience and relative hardships of both parties.  Id.  See also Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994) (courts have "wide discretion to establish" the deposition's location).

Initially, I asked the Government to explain in its opposition why it could not depose Sims (1) by telephone or video conference, or (2) in Atlanta with the assistance of a Government attorney from the Northern District of Georgia.  The Government asserts that each of the above options are not suitable for this deposition.  Because of the circumstances in this case, I agree and find that Sims must be deposed in

person.

A deposition by telephone or video conference would be prejudicial to the Government's case. This is primarily because the Government will use Sims' deposition to examine her credibility.[2] To do this, the Government needs an in-person opportunity to observe Sims' demeanor, ask follow-up questions, and confront Sims with prior inconsistent statements she has made. See U.S. v. $160,066.98, 202 F.R.D. at 630 (counsel would be "disadvantaged without the opportunity to see the witness and to evaluate the witness' demeanor, facial reactions and expressions") (internal citations and quotations omitted). The Government also requires Sims to examine multiple exhibits, including tax returns and bank statements, during the deposition. Managing this process is a particular concern because Sims is representing herself and her English is limited. Due to these reasons, an in-person deposition is necessary because a deposition by telephone would be meaningless and a deposition by video conference would be impracticable.

It would also not be efficient to have a Government attorney from the Northern District of Georgia participate in the deposition of Sims in Atlanta. This attorney would have

---

[2] Sims' credibility is an issue in this case. In her son's criminal proceedings, he admitted under oath that the $57,378 was to be used for purchasing drugs. But in this ancillary forfeiture proceeding, Sims' son has recanted his admission and testified at his deposition that the money was his mother's. Both Sims and her son now claim that he traveled to California only to buy restaurant equipment on Craigslist for Sim's business. In September 2010, Sims' son was arrested in another matter. Similar to this case, he claimed that the $15,000 he had in his possession was given to him by his mother so he could purchase a car.

1  to invest too much time to learn about the factual details of
2  this case in order to conduct a meaningful deposition of Sims
3  or assist in a video conference deposition.  Rather than do
4  this, it would be more efficient for the Government's attorney
5  from the Northern District of California to travel to Atlanta
6  and conduct the deposition.  The issue therefore becomes
7  whether it is appropriate to require Sims to travel to San
8  Francisco or to have a Government attorney travel to Atlanta.
9       In evaluating the factors for both sides, I find that it
10 is more just to have Sims travel to San Francisco for the
11 deposition.  This is not the usual proceeding where it is
12 customary for individuals to be deposed in the district of
13 their residence or work.  Rather, Sims has purposefully
14 submitted to this Court's jurisdiction by filing her third-
15 party ownership claim to money that has already been
16 forfeited.  In similar third-party forfeiture challenges,
17 other courts have required claimants to travel outside their
18 home forum for depositions due to the nature of the claim.
19 See U.S. v. $160,066.98, 202 F.R.D. at 627-29 (holding that
20 the claimants inconvenience and expense associated with the
21 prosecution of their claim in the Southern District of
22 California were foreseeable and are not undue in comparison
23 with the Government's burdens); U.S. v. Real Property Located
24 at Layton, 2010 WL 3271959 (D. Utah 2010).  Sims does not
25 provide any case authority that requires the Government to
26 incur expenses in traveling to depose out-of-state claimants
27 in civil forfeiture actions like this.  Instead, she argues
28 the above cases are not analogous because unlike those

4

claimants she did not earn money or conduct any business in the Northern District of California.  I am not persuaded by this.  Sims claims that she gave $57,378 to her son for him to travel to San Francisco and purchase restaurant equipment.  Assuming this is true, Sims intended to conduct business in the Northern District of California.  Moreover, it is Sims' decision to continue the prosecution of her claim of ownership in this proceeding.

It is also not unduly burdensome for Sims to travel to San Francisco and pay for her expenses.  Sims traveled to San Francisco on March 19, 2010 for a status conference in this matter.  She did not indicate that she had any travel anxieties at this time.[3]  Sims also does not declare that she is need of financial assistance or is unable to afford the expenses associated with this deposition.  Since she claims she had $57,378 available to invest in her business, she appears to have disposable income.  See U.S. v. Real Property Located at Layton, 2010 WL 3271959 at *3 (finding that the Government in a civil forfeiture proceeding should not pay claimant's deposition travel costs because he has failed to demonstrate undue burden or expense).  Moreover, as explained in the previous paragraph, I find that the Government should not be forced to incur significant expenses to depose a third-party claimant that has not persuaded me she has a meritorious claim in a civil forfeiture proceeding.

For the foregoing reasons, **IT IS ORDERED** that Sims'

---

[3] Besides a self-serving declaration, Sims has not provided any evidence corroborating her anxieties about traveling to California.

5

motion for a protective order is **DENIED**, and the Government's motion to compel is **GRANTED**.  Sims must travel to San Francisco for her deposition at her own expense.  **IT IS FURTHER ORDERED** that the parties shall meet and confer by **November 2, 2010** to determine a suitable date for Sims' deposition.

Dated: October 27, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\USA V. APPROX $57,378\ORDER DENYING CLAIMANT'S MOTION FOR PROTECTIVE ORDER.wpd

6